| | |
|---|---|
| 1 | BECK & LEE TRIAL LAWYERS |
| 2 | JARED H. BECK (233743) |
| | ELIZABETH LEE BECK (233742) |
| 3 | Corporate Park at Kendall |
| 4 | 12485 SW 137th Ave., Suite 205 |
| | Miami, Florida 33186 |
| 5 | Telephone: (305) 234-2060 |
| 6 | Facsimile:  (786) 664-3334 |
| | jared@beckandlee.com |
| 7 | elizabeth@beckandlee.com |
| 8 | |
| | Counsel for Plaintiff and the Proposed Class |
| 9 | (additional counsel on signature page) |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NICOLAS TORRENT, on Behalf of Himself and All Others Similarly Situated, | Case No: |
| | Pleading Type: Class Action |
| Plaintiff, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| THIERRY OLLIVIER, NATIERRA, and BRANDSTORM, INC., | |
| Defendants. | |

## NATURE OF THE CASE

1. Defendants Thierry Ollivier, Natierra and Brandstorm, Inc. ("Defendants") are falsely creating the impression in the minds of its consumers that their Himalania brand goji berries are harvested in and transported from the Himalayas mountain range. In fact, the berries are harvested in the Ningxia province of China, which is not what the reasonable consumer considers as the Himalayas. As a result of this false, deceptive and misleading advertising campaign, Plaintiff Nicolas Torrent ("Plaintiff") sues Defendants on behalf of himself and the putative class of California purchasers of Himalania brand goji berries, seeking damages and injunctive relief.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and there is diversity of citizenship between the proposed class members and Defendants.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff and Defendants reside in this District; many of the acts and transactions giving rise to this action occurred in this District; and Defendants (1) are authorized to conduct business in this District and has intentionally availed themselves of the laws and markets of this District through the promotion, marketing, distribution, and sale of Himalania brand goji berries in this District; and (2) are subject to personal jurisdiction in this District.

## PARTIES

4. Plaintiff is a resident of California.

5. Defendant Brandstorm, Inc. is a California corporation, with its principal place of business located in Van Nuys, California. Defendant Thierry Ollivier is the principal and registered agent for Defendant Brandstorm, Inc., and a California resident. Defendant Thierry Ollivier launched Natierra, as a California

1  business.  Defendants market, sell, and advertise the Himalania brand goji berries
2  at issue in this case.

## ALLEGATIONS

6. The Himalayas are among the most famous mountain ranges in the world.  The Oxford dictionary defines the Himalayas as "A vast mountain system in southern Asia that extends for 1,500 miles (2,400 km) from Kashmir east to Assam. The Himalayas consist of a series of parallel ranges that rise up from the Ganges River basin to the Tibetan plateau."[1]  Dictionary.com defines the Himalayas as "a mountain range extending about 1500 miles (2400 km) along the border between India and Tibet. Highest peak, Mt. Everest, 29,028 feet (8848 meters)."[2]

7. Wikipedia defines the Himalayas as "a mountain range in South Asia which separates the Indo-Gangetic Plain from the Tibetan Plateau," and provides the following diagram for reference:[3]



---

[1]  http://www.oxforddictionaries.com/us/definition/american_english/Himalayas   (last visited, March 18, 2015).

[2]  http://dictionary.reference.com/browse/himalayas (last visited, March 18, 2015).

[3]  http://en.wikipedia.org/wiki/Himalayas (last visited, March 18, 2015).

8. Defendants sell products under trademark Himalania. Included in the product line are Himalania goji berries. While goji berries have long been used in Asian cuisine, they have recently gained popularity outside of Asia as a "superfruit." Himalania goji berries are packaged and labeled as follows:





9. Defendants market and sell their Himalania brand goji berries with the intent to create the impression in the minds of consumers that the berries are harvested from the Himalayas before being processed and placed into the Himalania brand goji berry packages. Defendants do this through the imagery of a mountain range in the Himalania trademark design and name, the portion of the product packaging on the front shaped as a mountain range, and through the

following statements on the product package: (a) "The most famous berry in the Himalayas" (front); (b) "Goji berry, the most famous berry in the Himalayas" (back); and, (c) "Goji berries originate in the high plateaus of the Himalayan Mountains." (back).  Defendants also create this impression about the origin of the product through the following images and statements on its product website:[4]

**Natural Goji Berries**

Goji berries are native to the high plateaus of the Himalayan Mountains. They've been used for over 5,000 years by traditional Chinese and Tibetan medicines. Ancient practitioners believed in the strength building qualities of the Goji and its properties associated with longevity. Goji berries are now considered a Superfruit for their incredible nutritional value and for having one of the highest rankings on the ORAC scale (Oxygen Radical Absorbance Capacity), which measures their antioxidant activity.

*****************************

Origin



*****************************

---

[4]   http://www.natierra.com/gojiberries.html (last visited, March 18, 2015).

Process



The statements and impressions that Defendants' goji berries are harvested in and transported from the Himalayas and into the Himalania brand goji berry packages are false, deceptive, and misleading.  The goji berries come from the Ningxia province of China,[5] which is not what a reasonable consumer considers to be the Himalayas.  In small print on the back corner of the Himalania brand goji berry packages, and out of notice by the reasonable consumer at the point of purchase, Defendants state: "Product of China."  In fact, as depicted on the following map, the Ningxia province is situated in an area of China far north of what the reasonable consumer considers as the Himalayas:



---

[5]   http://www.gojitrees.com/ningxiagojihistory.htm (last visited March 18, 2015); http://www.hrt.msu.edu/glfw/GLFW_2010_Presentations_Posters/Alternative%20&%20Novelty%20Crops/Saskatoon%20and%20Goji%20GLFW%202010.pdf (last visited March 18, 2015); http://en.wikipedia.org/wiki/Goji (last visited, March 18, 2015); http://www.chinadaily.com.cn/chinagate/doc/2004-07/19/content_349679.htm (last visited March 18, 2015); http://www.sunlifegoji.com/ (last visited March 18, 2015); http://www.nnhczfood.cn/product/60016025553-215141181/himalania_goji_berries.html (last visited April 1, 2015); https://ottawafoodies.com/forum/1859 (last visited April 1, 2015).

## PLAINTIFF'S ALLEGATIONS

11. In or about March 2013, Plaintiff purchased Himalania brand goji berries from a Whole Foods store located in Santa Monica, California. Prior to Plaintiff's purchase of the berries, Plaintiff was exposed to Defendants' marketing messaging and impressions that the berries are harvested in and transported from the Himalayas and into the Himalania brand packages. Plaintiff purchased the Himalania brand goji berries because of and in reliance on these marketing messages. Plaintiff was deceived by, affected by, and harmed by Defendants' false advertising. Had Plaintiff known that Defendants' marketing messages were false, Plaintiff would not have purchased the Himalania brand goji berries. Plaintiff paid a price premium for the Himalania brand goji berries compared to, *inter alia*, other berries and related goods.

## CLASS ACTION ALLEGATIONS

12. Plaintiff seeks to certify a class of all California purchasers of Himalania brand goji berries. This action is properly maintainable as a class action under Rule 23.

13. The Class is so numerous that joinder of all members is impracticable.

14. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. The common questions include, *inter alia*, the following: Whether the Defendants falsely market and advertise the origin of the Himalania brand goji berries to the Class.

15. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

16. Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature and will fairly and adequately protect the interests of the Class.

17. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

18. Plaintiff anticipates that there will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. Defendants acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## COUNT I

### For Violation of the UCL

20. Plaintiff repeats and incorporates by reference the allegations set forth above as if fully set forth herein.

21. Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

22. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein constitute "unlawful" business acts and practices in that Defendants' conduct violates the Consumer Legal Remedies Act, and the California Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), which incorporates all the regulations and requirements of the Federal Food, Drug, and Cosmetic Act. Specifically, Defendants acted in contravention of the following Sherman Law provisions:

- § 110100 (adopting all FDA regulations as state regulations);
- § 110290 ("In determining whether the labeling or advertisement of a food . . . is misleading, all representations made or suggested by statement, word, design, device, sound, or any combination of these shall be taken into account. The extent that the labeling or advertising

7

fails to reveal facts concerning the food . . . or consequences of customary use of the food . . . shall also be considered.");

- § 110390 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food . . . that is falsely advertised.");
- § 110398 ("It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded.");
- § 110400 ("it is unlawful for any person to receive in commerce any food . . . that is falsely advertised or to deliver or proffer for deliver any such food . . . . ");
- § 110660 ("Any food is misbranded if its labeling is false or misleading in any particular.");
- § 110670 ("Any food is misbranded if its labeling does not confirm with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto.");
- § 110680 ("Any food is misbranded if its labeling or packaging does not conform to the requirements of Chapter 4 (commencing with Section 110290).");
- § 110705 ("Any food is misbranded if any word, statement, or other information required pursuant to this part to appear on the label or labeling is not prominently placed upon the label or labeling and in terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use.");
- § 110760 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded.");
- § 110765 ("It is unlawful for any person to misbrand any food."); and

- § 110770 ("It is unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food.").

23. By violating the California Unfair Competition Law, Defendants also violated the common law of unfair competition.

24. Defendants leveraged their deception to induce Plaintiff and members of the Classes to buy products that were of lesser value and quality than advertised, including but not limited to being of a different origin.

25. Plaintiff suffered injury and fact and lost money or property as a result of Defendants' deceptive advertising: he was denied the benefit of the bargain in purchasing Himalania brand goji berries. Had Plaintiff been aware of Defendants' false and misleading advertising tactics, he would not have purchased Himalania brand goji berries. Moreover, had Defendants not engaged in the false and misleading advertising tactics, Plaintiff and the members of the Class would not have purchased their products and/or would have paid less for Himalania brand goji berries because Defendants would not have been able to charge a premium for the product.

26. The false and misleading labeling and advertising of Himalania brand goji berries, as alleged herein, constitutes 'unfair" business acts and practices because such conduct is immoral, unscrupulous, and offends public policy. Further, the gravity of Defendants' conduct outweighs any conceivable benefit of such conduct.

27. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein constitute "fraudulent" business acts and practices because Defendants' conduct is false and misleading to Plaintiff, Class members, and the general public.

28. In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

29. Plaintiff also seeks an order for the restitution of all monies from the sale of Himalania brand goji berries which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

## COUNT II

### For Violation of the CLRA

30. Plaintiff repeats and incorporates by reference the allegations set forth above as if fully set forth herein.

31. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

32. Defendants' policies, acts, and practices were designed to, and did, result in the purchase and use of the products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA:

- § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;
- § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;
- § 1770(a)(9): advertising goods with intent not to sell them as advertised;
- § 1770(a)(6): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

33. As a result, Plaintiff and the Class members have suffered irreparable harm and are entitled to injunctive relief pursuant to Cal. Civ. Code § 1782(d).

34. Defendants' conduct described herein was longstanding, was done for profit as a deliberate corporate policy rather than an isolated incident, and was morally wrong, fraudulent, callous, and oppressive.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

A. that the Court certify the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff as Class Representative and his attorneys as Class Counsel to represent the members of the Class;

B. that the Court declare that Defendants' conduct violates the statutes referenced herein;

C. that the Court preliminarily and permanently enjoin Defendants from conducting its business through the unlawful, unfair, or fraudulent business acts or practices, untrue, and misleading labeling and marketing and other violations of law described in this Complaint;

D. that the Court order Defendants to conduct a corrective advertising and information campaign advising consumers that Himalania brand goji berries do not have the characteristics, uses, benefits, and quality Defendants has claimed;

E. that the Court order Defendants to implement whatever measures are necessary to remedy the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

F. that the Court order Defendants to notify each and every individual and/or business who purchased Himalania brand goji berries of the pendency of the claims in this action in order to give such individuals and businesses an opportunity to obtain restitution from Defendants;

1. G.  that the Court order Defendants to pay restitution to restore to all affected persons all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or a fraudulent business act or practice, untrue or misleading labeling, advertising, and marketing, plus pre- and post-judgment interest thereon;

2. H.  that the Court order Defendants to disgorge all monies wrongfully obtained and all revenues and profits derived by Defendants as a result of its acts or practices as alleged in this Complaint;

3. I.  that the Court award damages to Plaintiff and the Classes;

4. J.  the common fund doctrine, and/or any other appropriate legal theory; and

5. K.  that the Court grant such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action on all issues so triable.

DATED: April 6, 2015

Respectfully submitted,

*/s/ Jared H. Beck*

Jared H. Beck
BECK & LEE TRIAL LAWYERS
JARED H. BECK (233743)
ELIZABETH LEE BECK (233742)
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone: (305) 234-2060
Facsimile: (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

ANTONINO G. HERNANDEZ P.A.
ANTONINO G. HERNANDEZ
4 SE 1st Street, 2nd Floor
Miami, Florida 33131
Telephone:   (305) 282 3698
Facsimile:    (786) 513 7748
Hern8491@bellsouth.net

CULLIN O'BRIEN LAW, P.A.
CULLIN O'BRIEN
6541 NE 21st Way
Fort Lauderdale, Florida 33108
Telephone: (561) 676-6370
Facsimile: (561) 320-0285
cullin@cullinobrienlaw.com

Counsel for Plaintiff and the Proposed Class