O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NICOLAS TORRENT, on behalf
of himself and all others
similarly situated,

                    Plaintiff,

          v.

THIERRY OLLIVIER, NATIERRA,
and BRANDSTROM, INC.,

                    Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 15-02511 DDP (JPRx)

**ORDER DENYING MOTIONS FOR STAY
AND SUMMARY JUDGMENT**

**[Dkt nos.** 22, 25]

     Presently before the court is Defendants' motion for a stay of
proceedings and Plaintiff's Motion for Summary Judgment.  Having
considered the submissions of the parties and heard oral argument,
the court denies the motions and adopts the following Order.

**I.   Background**

     Plaintiff, Nicolas Torrent, alleges that he purchased
"Himalania" brand goji berries in March 2013.[1]  (Compl. ¶ 11.)
Defendants market and sell Himalania brand goji berries.  (Id. ¶
8.)  Plaintiff alleges that Defendants sold goji berries using

_____

     [1] The instant motions were filed prior to the stipulated
filing of the First Amended Complaint.

1   packaging that mislead Plaintiff and other consumers to believe

2   that the berries were grown in the Himalayas.  (Id. ¶ 9.)

3        Plaintiff alleges that the berries were grown in Ningxia,

4   China, rather than the Himalayas.  (Id. 5.)  Plaintiff alleges that

5   Himalania packing suggested that the berries were grown in the

6   Himalayas because the Himalania trademark includes mountain range

7   imagery and part of the package is shaped like a mountain range.

8   (Id. ¶ 9.)  Plaintiff also notes that the package includes the

9   statements "Goji berry, the most famous berry in the Himalayas,"

10  and "Goji berries originate in the high plateaus of the Himalayan

11  Mountains."  (Id.)  Defendants no longer advertise goji berries

12  using the statements described above.  (Decl. Cullin Avram O'Brien,

13  Dkt. 28 at Exs. 1, 3-5.)

14       Plaintiff seeks to certify a class of "all California

15  purchasers of Himalania brand goji berries."  (Compl. ¶ 12.)

16  Plaintiff alleges that Defendants' packaging statements violated

17  the California unfair competition law and Consumer Legal Remedies

18  Act.  (Id. ¶¶ 22, 32.)  Plaintiff seeks declaratory and injunctive

19  relief, damages, disgorgement, and restitution.  Defendants now

20  move for a stay of all proceedings pending the Ninth Circuit's

21  decision in Jones v. Conagra Foods, Inc., No. 14-16327, which has

22  been fully briefed, although an argument date has not yet been set.

23  **II.  Discussion**

24       Defendants argue that this case should be stayed because the

25  Ninth Circuit's decision in Jones will address issues central to

26  class certification questions in this case.  (Mot. at 4).  Absent a

27  stay, defendants contend, both parties will be required to engage

28

1   in burdensome discovery and class certification briefing that may,

2   depending on the Jones decision, prove to be needless or misguided.

3        "[T]he power to stay proceedings is incidental to the power

4   inherent in every court to control the disposition of the causes on

5   its docket with economy of time and effort for itself, for counsel

6   and for litigants.  How this can best be done calls for the

7   exercise of judgment, which must weigh competing interests and

8   maintain an even balance."  Landis v. North American Co., 299 U.S.

9   248, 254-255 (1936); Leyva v. Certified Grocers of California,

10  Inc., 593 F.2d 857, 863 (9th Cir. 1979); Lockyer v. Mirant Corp.,

11  398 F.3d 1098, 1110 (9th Cir. 2005).  Relevant factors include

12  Where a stay may prejudice the opposing party, the party seeking a

13  stay must show that the denial of a stay will result in some

14  hardship.  Landis, 299 U.S. at 255; Dependable Highway Exp., Inc.

15  v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

16       Plaintiff contends that a stay would severely prejudice him by

17  preventing him from "address[ing] Defendants' changes to their

18  marketing and advertising campaign through discovery . . . ."

19  (Opposition at 2.)  Although the thrust of this argument is not

20  clear to the court, the court is nevertheless not persuaded that a

21  stay is warranted.  The Plaintiff/Appellant in Jones primarily

22  challenges the district court's denial of class certification for

23  lack of an ascertainable class or damages theory, and because of

24  the predominance of individualized questions.  Unlike the present

25  case, however, Jones involves numerous products, including seven

26  segments of tomato products, cooking sprays, and multiple varieties

27  of hot cocoa products.  Jones v. ConAgra Foods, Inc., No. C 12-1633

28  CRB, 2014 WL 2702726 at *1-3 (N.D. Cal. June 13, 2014).  Indeed,

1   the variety of products at issue was a significant reason

2   underlying the district court's decision to deny class

3   certification.  Id. at 10-12.

4        It is quite possible, therefore, that the Ninth Circuit's

5   decision in Jones will have little bearing on the instant case.

6   Even assuming that the Ninth Circuit issues a precedential opinion

7   in Jones, the holding may well be limited to cases involving a wide

8   variety of allegedly mislabeled products or particularly deficient

9   showings of materiality and consumer reliance.  Such an opinion

10  would not be particularly instructive in this case.  Although

11  Defendants are correct that the Ninth Circuit might conceivably

12  issue a ruling that would affect this case, the chances of such an

13  outcome are too speculative at this stage to warrant stay of the

14  instant proceedings.

15       Accordingly, Defendants' Motion to Stay is DENIED.

16  Plaintiff's Motion for Summary Judgment is also DENIED, without

17  prejudice.[2]

18

19

20  IT IS SO ORDERED.

21

22

23  Dated: October 22, 2015

24                                    DEAN D. PREGERSON
                                      United States District Judge

25

26       [2] The meaning of Plaintiff's request for summary judgment

27  "codifying the issue" that Defendants have changed an advertising
    statement is unclear to the court.  (MSJ at 2.)  Further, Plaintiff

28  filed a First Amended Complaint subsequent to the filing of his
    motion.