O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS TORRENT, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>THIERRY OLLIVIER, NATIERRA, and BRANDSTROM, INC.,<br><br>              Defendants. | Case No. CV 15-02511 DDP (JPRx)<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING MOTION IN PART**<br><br>[Dkt. 50] |

   Presently before the court is Defendants' Motion to Dismiss. Having considered the submissions of the parties and heard oral argument, the court grants the motion in part, denies the motion in part, and adopts the following Order.

**I.  Background**

   Defendants market and sell "Himalania" brand goji berries. (First Amended Complaint ("FAC") ¶ 15.)  Plaintiff, Nicolas Torrent, alleges that he purchased Himalania brand goji berries in March 2013.  (Id. ¶ 8.)  Plaintiff alleges that Defendants sold goji berries using packaging that created the impression that

Defendants' berries are harvested from the Himalaya mountains. (Id. ¶ 9.) According to Plaintiff, Defendants' packaging includes images of mountains, as well as statements such as, "The most famous berry in the Himalayas," and "Goji berries originate in the high plateaus of the Himalayan mountains." Id. The parties appear to agree that Defendants' packaging no longer uses these statements.

Plaintiff further alleges that the berries "come from the Ningxia province of China, which is not what a reasonable consumer considers to be the Himalayas. (FAC ¶ 10.) Rather, "the Ningxia province is situated in an area of China far north of what the reasonable consumer considers as the Himalayas." (Id.)

Plaintiff, on behalf of a putative class of all California purchasers of Himalania brand goji berries, seeks an injunction and restitution under California's Unfair Competition Law and injunctive relief and damages under California's Consumer Legal Remedies Act ("CLRA").[1] Defendants now move to dismiss the FAC.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick

---

[1] Plaintiff also brings an independent cause of action for attorney fees, even though he also requests fees in his prayer for relief.

2

v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

   A. Reasonable Consumer Test

   Defendants contend first that Plaintiff's UCL and CLRA claims should be dismissed because the reasonable consumer does not know about Ningxia province's location relative to the Himalayas.  (Mot. at 6.)  Plaintiff's UCL and CLRA claims are governed by a "reasonable consumer" test, which looks to whether, regardless of the actual falsity of a representation, members of the public are

3

likely to be deceived. <u>Williams v. Gerber Prods. Co.</u>, 552 F.3d 934, 938 (9th Cir. 2008); <u>Yumul v. SmartBalance, Inc.</u>, 733 F.Supp.2d 1117, 1125 (C.D. Cal. 2010). Although questions regarding deceptiveness typically cannot be resolved on a motion to dismiss, courts do dismiss product packaging claims where it appears as a matter of law that the public is not likely to be deceived. <u>See</u> <u>Jones v. ConAgra Foods, Inc.</u>, 912 F.Supp.2d 889, 899 (N.D. Cal. 2012).

    The court agrees with Defendants, in part. The FAC alleges that "[t]he goji berries come from the Ningxia province of China, which is not what a reasonable consumer considers to be the Himalayas." (FAC ¶ 10.) The FAC also includes a map, which appears to depict the Ningxia province "in an area of China far north of what the reasonable consumer considers as the Himalayas[.]" (<u>Id.</u>) Plaintiff cannot, however, plausibly allege that reasonable consumers are well-versed enough in Chinese geography to have any beliefs about Ningxia's location or whether Ningxia province qualifies as "Himalayan." Indeed, although Defendants' packaging does represent that the berries are a "Product of China," it makes no reference to Ningxia. Thus, to the extent Plaintiff alleges that the packaging is misleading <u>because</u> reasonable consumers do not consider Ningxia to be part of the Himalayas, those allegations are dismissed.

    The implausible references to consumers' knowledge of Chinese or Himalayan geography do not, however, render the UCL and CLRA claims deficient in their entirety. The FAC also alleges that Defendants "inten[ded] to create the impression in the minds of consumers that the berries are harvested from the Himalayas . . .,"

4

and makes repeated references to this "impression." (FAC ¶¶ 9, 15.) That assertion is supported by the factual allegations that Defendants' packaging includes the statements, "The most famous berry in the Himalayas," and "Goji berries originate in the high plateaus of the Himalayan mountains." These facts, putting aside any allegations about consumers' knowledge of Ningxia, themselves could support a claim that Defendants' packaging would lead a reasonable consumer to believe that Defendants' berries are harvested in the Himalayas, when in fact the berries are not harvested in the Himalayas. Accordingly, Plaintiff's UCL and CLRA claims are dismissed only insofar as they relate to consumers' knowledge of the Ningxia province of China.

   B.  CLRA Notice

Plaintiff's original Complaint alleged causes of action under California's UCL and the CLRA. The complaint sought injunctive relief, including corrective advertising, as well as restitution and damages. (Complaint at 11-12.) Damages, however, are not recoverable under the UCL. See Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1359 (2010). Damages are available under the CLRA. Cal. Civil Code § 1780. The CLRA requires, however, that a plaintiff seeking damages first notify the prospective defendant of the alleged violations and afford the prospective defendant a thirty-day period to remedy the problem. Cal. Civ. Code § 1782. An action for injunctive relief, in contrast, "may be commenced" without prior notice. Cal. Civ. Code. § 1782(d). If a plaintiff initiates an action for injunctive relief and then satisfies the notice requirement, the plaintiff may, "not less than 30 days after

commencement of an action for injunctive relief," amend the complaint to include a request for damages. Id.

Here, Plaintiff sent a CLRA notice letter on the same day that he filed his complaint for damages. More than thirty days later, Plaintiff filed the FAC, explicitly requesting damages under the CLRA and referencing his CLRA notice letter. Defendants move to dismiss Plaintiff's damages claim, with prejudice, for failure to comply with Section 1782. Plaintiff responds that, because he amended the complaint and filed the FAC more than 30 days after sending a CLRA notice letter, he has satisfied Section 1782.

Although the CLRA notice requirement is not jurisdictional, compliance with it is necessary to state a claim. Outboard Marine Corp. v. Superior Court, 52 Cal. App. 3d 30, 39 (1975). Although Plaintiff makes no mention of it, and Defendants refer to it only in a footnote, "[a] significant split among the courts exists on whether dismissal of a CLRA claim for violation of section 1782(a)'s notice requirement should be granted with or without prejudice." Trabakoolas v. Watts Water Techs., Inc., No. 12-cv-01172-YGR, 2012 WL 2792441 at *7 (N.D. Cal. July 9, 2012). The Outboard Marine court concluded that "[t]he clear intent of the [CLRA] is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished." 52 Cal. App. 3d at 41. Some federal courts, citing Outboard Marine, have dismissed improperly noticed CLRA damages claims with prejudice, finding that such "strict adherence to the statute's notice provision is required to accomplish the Act's goals of expeditious

6

remediation before litigation." Laster v. T-Mobile USA, Inc., 407 F.Supp.2d 1181, 1196 (S.D. Cal. 2005); See also Cattie v. Wal-Mart Stores, Inc., 504 F.Supp.2d 939, 949-50 (S.D. Cal. 2007); Von Grabe v. Sprint PCS, 312 F.Supp.2d 1285, 1304 (S.D. Cal. 2003); but see Dietz v. Comcast Corp., No. C 06-06352 WHA, 2006 WL 3782902 at *6 (N.D. Cal. Dec. 21, 2006) (concluding that dismissal with prejudice would be "draconian," and finding that other disciplinary measures would more accurately serve the California legislature's intent).

Some courts, however, have determined that a dismissal with prejudice for failure to comply with the CLRA's notice requirement is not necessary to satisfy the California legislature's goal of allowing defendants to avoid liability by promptly correcting the alleged wrongs. Morgan v. AT&T Wireless Servs., Inc., 177 Cal. App. 4th 1235, 1261 (2009); Dietz, 2006 WL 3782902 at *2. As the Trabakoolas court observed, the CLRA's notice requirement was intended to "resolve quickly and efficiently consumer complaints," and "inured to the consumers' benefit," and therefore should not operate as a "sword against consumers." Trabakoolas, 2012 WL 2792441 at *8 (dismissing CLRA damages claim with leave to amend); See also Benson v. Southern California Auto Sales, Inc., 239 Cal.App.4th 1198, 1212 (2015) ("[The CLRA] actually has two purposes. Protecting consumers is one; providing efficient and economical procedures to secure such protection is the other.").

This court agrees with the reasoning of Dietz, Morgan, and Trabakoolas that dismissal of Plaintiff's CLRA damages claim with prejudice would be unduly harsh, and would not serve the interest of protecting consumers. Under the circumstances here, however, the court is not persuaded that mere dismissal with leave to amend

would be appropriate. Such a result, which would require Defendant to defend against an improperly noticed CLRA damages claim while simultaneously attempting to rectify the underlying issues, would not adequately disincentivize Plaintiff's noncompliance with the CLRA notice requirement and would hamper efforts to quickly and efficiently address consumer concerns. The court, therefore, dismisses Plaintiff's CLRA damages claim without leave to amend in the instant action, but also without prejudice to the refiling of the damages claim.

### C. Alter EGO

Plaintiff's FAC alleges that Defendant Ollivier is liable as the alter ego of both corporate defendants. "The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests. In certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable for the actions of the corporation." Nielson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003). The purpose of the alter ego doctrine is to avoid injustice when there is an abuse of the corporate privilege. Id. Only "exceptional circumstances" allow a court to disregard the corporate form and find liability as to the individuals underneath it. Leek v. Cooper, 194 Cal. App. 4th 399, 411 (2011). There is a large list of factors a court can consider when determining alter ego liability. Id. at 417-18. "An allegation that a person owns all of the corporate stock and makes all of the management decisions is insufficient to cause the court to disregard the corporate entity." Id. at 415.

"Corporate officers and directors cannot ordinarily be held personally liable for the acts or obligations of their corporations. However, they may become liable if they directly authorize or actively participate in wrongful or tortious conduct." Taylor-Rush v. Multitech Corp., 217 Cal. App. 3d 103, 113 (1990). A wide variety of factors may be pertinent to the alter ego inquiry, depending on the circumstances of the particular case. Assoc. Vendors, Inc. v. Oakland Meat Co., 210 Cal. App. 2d 825, 838 (1962). These factors include, but are not limited to, commingling of funds, unauthorized diversion of corporate funds to other uses, failure to maintain adequate corporate records, sole or family ownership of all of the stock in a corporation, failure to adequately capitalize a corporation, use of a corporation as a conduit for the business of an individual, disregard of legal formalities, and diversion of assets from a corporation to a stockholder to the detriment of creditors. Schwarzkopf, 626 F.3d at 1038; Zoran Corp. v. Chen, 185 Cal. App. 4th 799, 811-12 (2010); Assoc. Vendors, 210 Cal. App. 2d at 838-39.

The only specific facts alleged regarding Defendant Ollivier are that he founded one corporate defendant and serves as a corporate officer and "opened the doors" of the other corporate defendant. (FAC ¶ 13.) Although the FAC conclusorily asserts that a unity of interest and ownership exists between Ollivier and the corporate defendants, it makes no factual allegations to support that assertion. Plaintiff's Opposition does no more than repeat, in block quotes, the FAC's inadequate alter ego allegations.[2]

---

[2] Plaintiff's Opposition similarly fails to identify any facts
(continued...)

Plaintiff's claims against Defendant Ollivier are dismissed, with prejudice.

### D. Attorneys' Fees

Plaintiff's opposition asks this court "to use its equitable powers to find an independent cause of action for attorneys' fees." (Opp. at 18). The court is aware of no authority or reason justifying such a course of action. Plaintiff's Third Cause of Action is, therefore, dismissed with prejudice.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff's UCL claims and CLRA claim for injunctive relief survive this motion to the extent the claims are premised upon the "most famous berry in the Himalayas" and "Goji berries originate in the high plateaus of the Himalayan mountains" statements. Plaintiff's CLRA damages claim is dismissed without prejudice to its refiling. Leave to amend the operative complaint in this action, however, is denied. Plaintiff's alter ego and punitive damages claims, and independent cause of action for attorneys' fees, are dismissed, with prejudice.

IT IS SO ORDERED.

Dated: September 2, 2016

DEAN D. PREGERSON
United States District Judge

---

²(...continued)
supporting a claim for punitive damages. Although the Opposition contends that the FAC alleges purposeful deceit, it contains no citation to any such allegation, and the FAC does not appear to include any factual allegation of malice sufficient to support a claim for punitive damages.