O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS TORRENT, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>THIERRY OLLIVIER, NATIERRA, and BRANDSTROM, INC.,<br><br>  Defendants. | Case No. CV 15-02511 DDP (JPRx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>[Dkt. 62, 75] |

Presently before the court is Defendants' Motion for Class Certification. Having considered the submissions of the parties, the court denies the motion and adopts the following Order.

**I.  Background**

The factual background of this case is explained in detail in this court's prior Order regarding Defendants' Motion to Dismiss. In brief, Defendants market and sell "Himalania" brand goji berries. (First Amended Complaint ("FAC") ¶ 15.)  Plaintiff, alleges that he purchased Himalania brand goji berries in March 2013.  (Id. ¶ 8.)  Plaintiff alleges that Defendants sold goji

berries using packaging that created the impression that Defendants' berries are harvested from the Himalaya mountains. (Id. ¶ 9.) According to Plaintiff, Defendants' packaging includes images of mountains, as well as statements such as, "The most famous berry in the Himalayas," and "Goji berries originate in the high plateaus of the Himalayan mountains." Id. The parties appear to agree that Defendants' packaging no longer uses these statements.

Plaintiff, on behalf of a putative class of all California purchasers of Himalania brand goji berries, seeks an injunction and restitution under California's Unfair Competition Law and injunctive relief under California's Consumer Legal Remedies Act ("CLRA"). Plaintiff now seeks to certify a class comprised of "all persons or entities who purchased Himalania while physically present in the state of California since April 6, 2011."[1] (Motion at 3.)

**II. Legal Standard**

The party seeking class certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. See Hanon v. Dataprods. Corp., 976 F.2d 497, 508-09 (9th Cir. 1992). Rule 23(a) sets forth four prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] Plaintiff's memorandum in support of his motion spans approximately seven pages.

2

Fed. R. Civ. P. 23(a); see also Hanon, 976 F.2d at 508. These four requirements are often referred to as numerosity, commonality, typicality, and adequacy. See Gen. Tel. Co. v. Falcon, 457 U.S. 147, 156 (1982).

Rule 23(b) defines different types of classes. Leyva v. Medline Indus. Inc., 716 F.3d 510, 512 (9th Cir. 2012). Rule 23(b)(1)(A) applies where separate actions by or against individual class members would risk "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). Rule 23(b)(2) applies where the party opposing the class "has acted or refused to act on grounds that apply generally to the class . . . ." Fed. R. Civ. P. 23(b)(2).

In determining the propriety of a class action, the question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974). This court, therefore, considers the merits of the underlying claim to the extent that the merits overlap with the Rule 23 requirements, but will not conduct a "mini-trial" or determine at this stage whether Plaintiffs could actually prevail. Ellis v. Costco Wholesale Corp., 657 F.3d 970, 981, 983 n.8 (9th Cir. 2011). Nevertheless, the court must conduct a "rigorous analysis" of the Rule 23 factors. Id. at 980. Because the merits of the claims are "intimately involved" with many class certification questions, the court's rigorous Rule 23

3

analysis must overlap with merits issues to some extent.[2] Id., citing Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011).

**III. Discussion**

Plaintiff seeks certification of a class under Rule 23(b)(1) and Rule 23(b)(2). Plaintiff asserts that Rule 23(b)(1)(A) is satisfied because "Plaintiff's prayer for declaratory and injunctive relief will treat the members of the class alike." (Mot. at 7:6-7.) Plaintiff contends that Rule 23(b)(2) is also satisfied because "Plaintiff's requests for declaratory and injunctive relief would apply to the class as a whole." (Mot. at 7:13-14 (internal quotation and citation omitted).) These arguments, combined, span approximately half of one page of Plaintiff's memorandum, and are not supported by any evidence whatsoever. Plaintiff's mere recitation of the Rule 23(b) requirements are not sufficient to meet his burden to demonstrate that those requirements are met.

Nor has Plaintiff established that Rule 23(a) is satisfied. Plaintiff's arguments with respect to the Rule 23(a) factors, like his arguments regarding Rule 23(b), are almost wholly unsupported by any evidence. For example, the only evidence Plaintiff cites in support of commonality or typicality is his "Declaration of Venue," attached to the operative complaint, which states only that Plaintiff "purchased Himalania brand goji berries . . . ." (FAC, Ex.

4

C. Par. 3)  Defendants have submitted evidence, however, that they sold several different types and flavors of Goji berries in nearly two dozen different types of packaging. (Declaration of Thierry Ollivier Par. 3.)  Plaintiff's vague assertion that he purchased some Himalania gojii berry product is insufficient to demonstrate the existence of a common question of law or fact or that Plaintiff's claims, including claims regarding his reliance on certain representations, are at all typical of those of a class that includes all California purchasers of any of Himalania's goji berry products.

Defendants also assert that no class should be certified because Plaintiffs cannot demonstrate that the proposed class would be ascertainable.[3]  As Plaintiff himself acknowledges, albeit without citation to authority, courts are divided as to whether a threshold ascertainability requirement applies to classes under Rule 23(b)(1) or (b)(2), as opposed to damages classes under Rule 23(b)(3).  Compare, e.g. Jones v. ConAgra Foods, Inc., No. C 12-1633 CRB, 2014 WL 2702726 at *1-3 (N.D. Cal. June 13, 2014) with In re Yahoo Mail Litigation, 308 F.R.D. 577, 597 (N.D. Cal. 2015).  Plaintiff does not, however, make any argument regarding the split of authority or contend that ascertainability should not be required of(b)(1) and (b)(2) classes.

---

[3] Plaintiff does not respond to Defendants' argument that the class, as proposed, is not viable, as it includes purchasers who purchased products outside of the applicable statute of limitations as well as "entities" to which the CLRA does not apply.

Instead, Plaintiff asserts that an "ascertainability bar" would not make sense here because he does not seek damages, and "[t]his is all about Defendants' [advertising] misconduct -a declaration that it was wrong and injunctive relief to change it." (Reply at 11:19-20.) Plaintiff's argument cannot be reconciled with his complaint, which alleges that Plaintiff lost money and seeks restitution.[4]

Restitution, however, cannot form the basis for certification under (b)(1), as "a judgment that defendants were liable to one plaintiff would not require action inconsistent with a judgment that they were not liable to another plaintiff." Torrent v. Yakult U.S.A., Inc., No. SACV 15-00124CJC, 2016 WL 4844106, at *5 (C.D. Cal. Jan. 5, 2016) (quoting McDonnell Douglas Corp. v. U.S. Dist. Court for Cent. Dist. of Cal., 523 F.2d 1083, 1086 (9th Cir. 1975). "Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1195 (9th Cir. 2001). A claim for monetary relief may not prove fatal to (b)(2) certification, so long as such relief is merely "incidental." Id.; See also Ries v. Arizona Beverages USA LLC, 287 F.R.D. 523, 541–42 (N.D.Cal.2012). Here, however, as in Ries, it is difficult to see how class members' individualized claims for restitution would be merely incidental to the injunctive relief sought,

---

[4] The FAC also alleged that the amount in controversy exceeds $5 million and, notwithstanding Plaintiff's characterization, explicitly sought damages under the CLRA. (FAC par. 41.) The court has, however, dismissed the damages claim.

6

particularly considering that Defendants have already modified their packaging. <u>Ries</u>, 287 F.R.D. at 541-542. Thus, regardless whether Plaintiff need demonstrate ascertainability, class certification is not warranted under either Rule 23(b)(1) or (b)(2).

**IV. Conclusion**

For the reasons stated above, Plaintiff's Motion for Class Certification is DENIED.

IT IS SO ORDERED.

Dated: September 27, 2016

DEAN D. PREGERSON
United States District Judge

7