1

2

3    O

4

5

6

7

8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11   NICOLAS TORRENT, on behalf    )  Case No. CV 15-02511 DDP (JPRx)
     of himself and all others     )
12   similarly situated,           )
                                   )  **ORDER DENYING PLAINTIFF'S MOTION**
13                   Plaintiff,     )  **FOR CLASS CERTIFICATION**
                                   )
14        v.                       )
                                   )
15   THIERRY OLLIVIER, NATIERRA,   )  [Dkt. 62, 75]
     and BRANDSTROM, INC.,         )
16                                 )
                    Defendants.    )
17   _____  )
                                   )
18

19        Presently before the court is Defendants' Motion for Class

20   Certification.  Having considered the submissions of the parties,

21   the court denies the motion and adopts the following Order.

22   **I.   Background**

23        The factual background of this case is explained in detail in

24   this court's prior Order regarding Defendants' Motion to Dismiss.

25   In brief, Defendants market and sell "Himalania" brand goji

26   berries.  (First Amended Complaint ("FAC") ¶ 15.)  Plaintiff,

27   alleges that he purchased Himalania brand goji berries in March

28   2013.  (Id. ¶ 8.)  Plaintiff alleges that Defendants sold goji

berries using packaging that created the impression that
Defendants' berries are harvested from the Himalaya mountains.
(Id. ¶ 9.)   According to Plaintiff, Defendants' packaging includes
images of mountains, as well as statements such as, "The most
famous berry in the Himalayas," and "Goji berries originate in the
high plateaus of the Himalayan mountains."   Id.   The parties appear
to agree that Defendants' packaging no longer uses these
statements.

Plaintiff, on behalf of a putative class of all California
purchasers of Himalania brand goji berries, seeks an injunction and
restitution under California's Unfair Competition Law and
injunctive relief under California's Consumer Legal Remedies Act
("CLRA").   Plaintiff now seeks to certify a class comprised of "all
persons or entities who purchased Himalania while physically
present in the state of California since April 6, 2011."[1]   (Motion
at 3.)

## II.   Legal Standard

The party seeking class certification bears the burden of
showing that each of the four requirements of Rule 23(a) and at
least one of the requirements of Rule 23(b) are met.   See Hanon v.
Dataprods. Corp., 976 F.2d 497, 508-09 (9th Cir. 1992).   Rule 23(a)
sets forth four prerequisites for class certification:

(1) the class is so numerous that joinder of all members
is impracticable, (2) there are questions of law or fact
common to the class, (3) the claims or defenses of the
representative parties are typical of the claims or
defenses of the class, and (4) the representative parties
will fairly and adequately protect the interests of the
class.

---

[1] Plaintiff's memorandum in support of his motion spans
approximately seven pages.

1  Fed. R. Civ. P. 23(a); <u>see also</u> <u>Hanon</u>, 976 F.2d at 508.

2  These four requirements are often referred to as numerosity,

3  commonality, typicality, and adequacy. <u>See</u> <u>Gen. Tel. Co. v.</u>

4  <u>Falcon</u>, 457 U.S. 147, 156 (1982).

5       Rule 23(b) defines different types of classes. <u>Leyva v.</u>

6  <u>Medline Indus. Inc.</u>, 716 F.3d 510, 512 (9th Cir. 2012). Rule

7  23(b)(1)(A) applies where separate actions by or against

8  individual class members would risk "inconsistent or varying

9  adjudications with respect to individual class members that

10 would establish incompatible standards of conduct for the

11 party opposing the class." Fed. R. Civ. P. 23(b)(1)(A).

12 Rule 23(b)(2) applies where the party opposing the class "has

13 acted or refused to act on grounds that apply generally to

14 the class . . . ." Fed. R. Civ. P. 23(b)(2).

15      In determining the propriety of a class action, the

16 question is not whether the plaintiff has stated a cause of

17 action or will prevail on the merits, but rather whether the

18 requirements of Rule 23 are met. <u>Eisen v. Carlisle &</u>

19 <u>Jacquelin</u>, 417 U.S. 156, 178 (1974). This court, therefore,

20 considers the merits of the underlying claim to the extent

21 that the merits overlap with the Rule 23 requirements, but

22 will not conduct a "mini-trial" or determine at this stage

23 whether Plaintiffs could actually prevail. <u>Ellis v. Costco</u>

24 <u>Wholesale Corp.</u>, 657 F.3d 970, 981, 983 n.8 (9th Cir. 2011).

25 Nevertheless, the court must conduct a "rigorous analysis" of

26 the Rule 23 factors. <u>Id.</u> at 980. Because the merits of the

27 claims are "intimately involved" with many class

28 certification questions, the court's rigorous Rule 23

1  analysis must overlap with merits issues to some extent.[2]

2  Id., citing Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541,

3  2551 (2011).

4  **III. Discussion**

5      Plaintiff seeks certification of a class under Rule

6  23(b)(1) and Rule 23(b)(2).  Plaintiff asserts that Rule

7  23(b)(1)(A) is satisfied because "Plaintiff's prayer for

8  declaratory and injunctive relief will treat the members of

9  the class alike."  (Mot. at 7:6-7.)  Plaintiff contends that

10  Rule 23(b)(2) is also satisfied because "Plaintiff's requests

11  for declaratory and injunctive relief would apply to the

12  class as a whole."  (Mot. at 7:13-14 (internal quotation and

13  citation omitted).) These arguments, combined, span

14  approximately half of one page of Plaintiff's memorandum, and

15  are not supported by any evidence whatsoever.  Plaintiff's

16  mere recitation of the Rule 23(b) requirements are not

17  sufficient to meet his burden to demonstrate that those

18  requirements are met.

19      Nor has Plaintiff established that Rule 23(a) is

20  satisfied.  Plaintiff's arguments with respect to the Rule

21  23(a) factors, like his arguments regarding Rule 23(b), are

22  almost wholly unsupported by any evidence.  For example, the

23  only evidence Plaintiff cites in support of commonality or

24  typicality is his "Declaration of Venue," attached to the

25  operative complaint, which states only that Plaintiff

26  "purchased Himalania brand goji berries . . . ."  (FAC, Ex.

27

28

4

1  C. Par. 3)  Defendants have submitted evidence, however, that

2  they sold several different types and flavors of Goji berries

3  in nearly two dozen different types of packaging.

4  (Declaration of Thierry Ollivier Par. 3.)  Plaintiff's vague

5  assertion that he purchased some Himalania gojii berry

6  product is insufficient to demonstrate the existence of a

7  common question of law or fact or that Plaintiff's claims,

8  including claims regarding his reliance on certain

9  representations, are at all typical of those of a class that

10 includes all California purchasers of any of Himalania's goji

11 berry products.

12      Defendants also assert that no class should be certified

13 because Plaintiffs cannot demonstrate that the proposed class

14 would be ascertainable.[3]  As Plaintiff himself acknowledges,

15 albeit without citation to authority, courts are divided as

16 to whether a threshold ascertainability requirement applies

17 to classes under Rule 23(b)(1) or (b)(2), as opposed to

18 damages classes under Rule 23(b)(3).  Compare, e.g. Jones v.

19 ConAgra Foods, Inc., No. C 12-1633 CRB, 2014 WL 2702726 at

20 *1-3 (N.D. Cal. June 13, 2014) with In re Yahoo Mail

21 Litigation, 308 F.R.D. 577, 597 (N.D. Cal. 2015).  Plaintiff

22 does not, however, make any argument regarding the split of

23 authority or contend that ascertainability should not be

24 required of(b)(1) and (b)(2) classes.

25

26  _____

27      [3] Plaintiff does not respond to Defendants' argument that the
class, as proposed, is not viable, as it includes purchasers who
28  purchased products outside of the applicable statute of limitations
as well as "entities" to which the CLRA does not apply.

1    Instead, Plaintiff asserts that an "ascertainability

2    bar" would not make sense here because he does not seek

3    damages, and "[t]his is all about Defendants' [advertising]

4    misconduct -a declaration that it was wrong and injunctive

5    relief to change it." (Reply at 11:19-20.) Plaintiff's

6    argument cannot be reconciled with his complaint, which

7    alleges that Plaintiff lost money and seeks restitution.[4]

8    Restitution, however, cannot form the basis for

9    certification under (b)(1), as "a judgment that defendants

10   were liable to one plaintiff would not require action

11   inconsistent with a judgment that they were not liable to

12   another plaintiff." Torrent v. Yakult U.S.A., Inc., No. SACV

13   15-00124CJC, 2016 WL 4844106, at *5 (C.D. Cal. Jan. 5, 2016)

14   (quoting McDonnell Douglas Corp. v. U.S. Dist. Court for

15   Cent. Dist. of Cal., 523 F.2d 1083, 1086 (9th Cir. 1975).

16   "Class certification under Rule 23(b)(2) is appropriate only

17   where the primary relief sought is declaratory or

18   injunctive." Zinser v. Accufix Research Inst., Inc., 253 F.3d

19   1180, 1195 (9th Cir. 2001). A claim for monetary relief may

20   not prove fatal to (b)(2) certification, so long as such

21   relief is merely "incidental." Id.; See also Ries v. Arizona

22   Beverages USA LLC, 287 F.R.D. 523, 541-42 (N.D.Cal.2012).

23   Here, however, as in Ries, it is difficult to see how class

24   members' individualized claims for restitution would be

25   merely incidental to the injunctive relief sought,

26   _____

27        [4] The FAC also alleged that the amount in controversy exceeds
     $5 million and, notwithstanding Plaintiff's characterization,
     explicitly sought damages under the CLRA. (FAC par. 41.) The
28   court has, however, dismissed the damages claim.

1  particularly considering that Defendants have already

2  modified their packaging.  <u>Ries</u>, 287 F.R.D. at 541-542.

3  Thus, regardless whether Plaintiff need demonstrate

4  ascertainability, class certification is not warranted under

5  either Rule 23(b)(1) or (b)(2).

6  **IV.   Conclusion**

7       For the reasons stated above, Plaintiff's Motion for

8  Class Certification is DENIED.

13  IT IS SO ORDERED.

14  Dated: September 27, 2016

15                                        DEAN D. PREGERSON
                                          United States District Judge